IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

|                          |   |                      |
|--------------------------|---|----------------------|
| ANTHONY LEON MOORE,      | § |                      |
|     Petitioner,          | § |                      |
| vs.                      | § | No. 11-1217-JDB-egb  |
| JOE EASTERLING,          | § |                      |
|     Respondent.          | § |                      |

---

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
(DOCKET ENTRY 8)
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

On July 18, 2011, Petitioner, Anthony Leon Moore, Tennessee Department of Correction prisoner number 167021, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) On September 29, 2011, the Court directed Respondent, Joe Easterling, Warden of HCCF, to file a response. (D.E. 4.) On October 23, 2011, Easterling submitted a motion to dismiss the petition as time barred, along with a supporting memorandum and copies of the state court decisions. (D.E. 8.) Petitioner responded to the motion on November 22, 2011. (D.E. 9-10.)

I.   STATE COURT PROCEDURAL HISTORY

On June 1, 2000, a Madison County (Tennessee) Circuit Court jury convicted Moore of aggravated robbery and aggravated burglary. (D.E. 1-8 at 1, D.E. 8-1 at 2.)  Moore was sentenced to fifteen years imprisonment for the aggravated robbery and ten years for the aggravated burglary, to be served consecutively.  (D.E. 1-6 at 1, D.E. 1-7 at 1.)  On February 11, 2001, the Tennessee Court of Criminal Appeals affirmed the inmate's convictions and sentences. (D.E. 8-2 at 1.)  Petitioner did not seek permission to appeal.

Moore filed a post-conviction petition in Madison County Circuit Court that was denied after an evidentiary hearing.  (D.E. 8-3.)  On August 2, 2005, the Tennessee Court of Criminal Appeals affirmed the denial (Id.) and on February 6, 2006, the Tennessee Supreme Court denied permission to appeal.  (D.E. 8-4.)

On March 26, 2010, Petitioner filed a state habeas petition in Hardeman County Circuit Court that was summarily dismissed on April 14, 2010.  (D.E. 1-14.)  The Tennessee Court of Criminal Appeals affirmed the judgment of the trial court on January 26, 2011. (D.E. 8-5.)  On May 25, 2011, the Tennessee Supreme Court denied permission to appeal.  (D.E. 8-6.)

II. **PETITIONER'S FEDERAL HABEAS CLAIMS**

Moore alleges that his dual convictions for aggravated burglary and aggravated robbery violate the Double Jeopardy Clause and Tennessee statutory law. (D.E. 1 at 5-6.)

III. **ANALYSIS**

Respondent contends the petition is time barred. (D.E. 8-1.) 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id.

State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Pinchon v. Myers, 615 F.3d 631, 640 (6th Cir. 2010, cert. denied, ___ U.S. ___, 131 S. Ct. 2151, 179 L. Ed. 2d 938 (2011) (citing Lawrence v. Florida, 549 U.S. 327, 333, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007)); Sherwood v. Prelesnik, 579 F.3d 581, 585 (6th Cir. 2009), reh'g & reh'g en banc denied (Nov. 25, 2009).

The limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Moore filed his post-conviction petition. His state post-conviction review concluded on February 6, 2006. The one-year statute of limitations recommenced running on February 7, 2006 and expired, at the latest, on February 7, 2007.[1] Moore did not file this petition until four years later. Therefore, it is untimely.

This determination is not changed by the state habeas petition filed on March 26, 2010, because the AEDPA statute of limitation had already expired. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) ("'The tolling provision does not . . . "revive" the limitations period (i.e., restart the clock at zero);

---

[1] Although it is unknown how much time elapsed before Moore filed his post-conviction petition, that factor is unnecessary to the Court's determination that the federal habeas petition is untimely.

it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'") (quoting Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)), reh'g & reh'g en banc denied (Nov. 25, 2003); Owens v. Stine, No. 01-1200, 27 F. App'x 351, 353 (6th Cir. 2001) ("A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 536 U.S. 965, 122 S. Ct. 2677, 153 L. Ed. 2d 849 (2002).

The doctrine of equitable tolling permits federal courts to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000). The § 2254 limitations period is subject to equitable tolling. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560, 2562, 177 L. Ed. 2d 130 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts." Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010); see also Vroman, 346 F.3d at 604 (6th Cir. 2003) (same); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." Robertson, 624 F.3d at 784 (citing Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002)). A habeas

5

petitioner is entitled to equitable tolling only "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, ___ U.S. at ___, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)).

Five factors determine the appropriateness of equitably tolling the statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Pinchon, 615 F.3d at 641.[2] "These five factors are not comprehensive, nor is each of the five factors relevant in all cases." Sherwood, 579 F.3d at 588 (internal quotation marks omitted).

Petitioner requests that the Court not "bar [his petition] because of the sentencing/convicting court's procedural default that resulted in an unfair hearing which resulted in a fundamental miscarriage of justice under the 5th and 14th Am[endments] of the U[nited] S[tates] Constitution." (D.E. 10 at

---

[2] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

2.) The Court construes the request as an allegation that Petitioner is actually innocent of his sentence.

"[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404, 113 S. Ct. 853, 862, 122 L. Ed. 2d 203, reh'g denied (Mar. 22, 1993). The actual innocence exception is very narrow in scope and requires proof of factual innocence, not just legal insufficiency. Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998). In this case, Petitioner is asserting a freestanding actual innocence claim, that is, a claim of actual innocence that is not used to excuse the procedural default of another claim. Although the Supreme Court has suggested that it may recognize freestanding actual innocence claims in capital cases, see Herrera v. Collins, 506 U.S. at 417, 113 S. Ct. at 869, it has not done so in noncapital cases such as this one.

In Herrera, the Supreme Court stated:

> The fundamental miscarriage of justice exception is available "only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence." Kuhlman [v. Wilson, 477 U.S. 436,] 454, 106 S. Ct. [2616,] 2627[, 91 L. Ed. 2d 364 (1986)](emphasis added). We have never held that it extends to freestanding claims of actual innocence.

Id. at 404-05, 113 S. Ct. 862-63. This argument fails to provide a basis for equitable tolling.

7

Ignorance of the law is also insufficient to warrant equitable tolling. Thomas v. Romanowski, 362 F. App'x 452, 455 (6th Cir. 2010), cert. denied sub nom. Thomas v. White, ___ U.S. ___, 130 S. Ct. 3363, 176 L. Ed. 2d 1256 (2010); Harrison v. I.M.S., 56 F. App'x 682, 685-86 (6th Cir. 2003) (declining to apply equitable tolling where prisoner was ignorant of the filing deadline because, through his other contacts with the court, he "learned that earlier documents he filed with the court had corresponding filing deadlines" and, therefore, he "knew or should have known that his application for a writ of habeas corpus also had a fling deadline"); Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."). A miscalculation of a deadline is "a garden variety claim of excusable neglect" that does not warrant equitable tolling. Holland, ___ U.S. ___, 130 S. Ct. at 2654; see also Jurado, 337 F.3d at 644-45 (a lawyer's mistake is not a valid basis for equitable tolling). Moore's petition is clearly time barred and equitable tolling is not appropriate in this case.

The Court GRANTS Respondent's motion to dismiss the petition as time-barred. The petition is DISMISSED WITH PREJUDICE. Judgment shall be entered for Respondent.

IV. <u>APPEAL ISSUES</u>

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); <u>Bradley v. Birkett</u>, 156 F. App'x 771, 772 (6th Cir. 2005), <u>reh'g en banc denied</u> (Jan. 10, 2006). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El</u>, 537 U.S. at 336, 123 S. Ct. at 1039 (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000)); <u>Henley v. Bell</u>, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same), <u>cert. denied</u>, 555 U.S. 1160, 129 S. Ct. 1057, 173 L. Ed. 2d 482 (2009). "[A] COA

does not require a showing that the appeal will succeed." Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773 (quoting Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039).

In this case, there can be no question that the petition is time barred. Because any appeal by Moore on the issue raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[3]

---

[3] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the
(continued...)

IT IS SO ORDERED this 27th day of August, 2012.

                                                        s/ J. DANIEL BREEN
                                                        J. DANIEL BREEN
                                                        UNITED STATES DISTRICT JUDGE

---

[3] (...continued)
date of entry of this order. See Fed. R. App. P. 24(a)(5).